COMMONWEALTH *vs.* ZACHARY TEX HILDRETH. NO. 90-P-389. JUNE 5, 1991. *Practice, Criminal*, Duplicative charges, Instructions to jury. *Larceny. False Pretenses. Insanity.*

On his appeal from convictions on multiple counts of larceny by false pretenses, G. L. c. 266, § 30, the defendant argues that the judge erred in refusing (1) to consolidate the many larcenies into one; (2) to allow the

jury to consider his defense of insanity; and (3) to instruct the jury that the defendant, to be found guilty, had to have intended to deprive the victims of their money permanently. We affirm the convictions.[1]

1. *The motion to consolidate.* There was ample evidence to show that the many larcenies occurred over a prolonged period of time (twenty-eight months), that they involved different people and financial institutions, and that they were brought about by different representations, documents, and accounts, all tailored for the various victims. Compare *Commonwealth v. Donovan*, 395 Mass. 20, 29-30 (1985), which held that the placement of a false night deposit box on the wall of a bank building, for one night, into which deposits were dropped by seven people, constituted one offense and not seven distinct crimes. For the reasons discussed in *Commonwealth v. Murray*, 401 Mass. 771 (1988), the defendant's reliance upon *Commonwealth v. Stasiun*, 349 Mass. 38 (1965), is misplaced. See also *Commonwealth v. Lane*, 25 Mass. App. Ct. 1002, 1003 (1988).

2. *Criminal responsibility.* "Criminal conduct is excusable in this Commonwealth on the ground of insanity only where the defendant's capacity to appreciate the criminality of his action or his capacity to conform his conduct to the requirements of law was substantially impaired as a result of a mental disease or defect." *Commonwealth v. Laliberty*, 373 Mass. 238, 241 (1977). See *Commonwealth v. McHoul*, 352 Mass. 544 (1967). There was no evidence, direct or inferential, to support the defendant's request for a jury instruction on his claim of insanity.

Although there was expert testimony from one witness that the defendant had a personality disorder which influenced the way he behaved and that he could have benefited from treatment during the period in issue, there is nothing in this expert's testimony which touches, even remotely, upon the question whether the disorder left the defendant unable to appreciate the criminality of his acts or to conform his conduct to the requirements of the law. A second expert offered a "provisional" diagnosis of a "bipolar disorder" but declined to state whether the defendant was suffering from the disorder at the time of the acts in issue. The third expert found a "diagnostic impression" of "manic syndrome" (which appears to be symptomatic of the bipolar disorder described by the second expert) but was also unable to state that the disorder existed within the relevant time frame.

There was also testimony from the Commonwealth's witnesses concerning the defendant's conspicuous but fanciful telephone conversations to well-known persons such as Donald Trump and Frank Lorenzo as well as

---

[1]The defendant was also convicted on numerous counts of obtaining signatures on promissory notes by false pretenses, G. L. c. 266, § 31, and of obtaining, by false pretenses and with the intent to defraud, the making of promissory notes. G. L. c. 266, § 33. These convictions were placed on file with the defendant's consent and, therefore, are not before us. See *Commonwealth v. Frey*, 390 Mass. 245, 246 (1983).

his persistent and grandiose claims of family fortune. Additionally, a member of the defendant's family described a "big change" in the defendant's behavior: in the past, he would sit and talk with family members but, suddenly, he was always in a hurry. Finally, there was some evidence that after the dates of all the offenses giving rise to the multiple indictments, the defendant attempted suicide by ingesting pills (antihistamines available without a prescription) and slashing his wrists (lacerations not requiring stitches).

Although the judge refused to instruct the jury on the defendant's claim of insanity, he did allow them to consider the somewhat equivocal testimony of the expert witnesses concerning the defendant's mental condition as it might relate to his ability to formulate the specific intent to commit the offense charged. But see *Commonwealth v. Beattie*, 409 Mass. 458, 459 (1991). We have no need to consider whether, on all the evidence, that instruction might have been overly generous to the defendant. The point is that there was no error in the judge's refusal to put to the jury the defendant's claim of insanity. See *Commonwealth v. McInerney*, 373 Mass. 136, 152-153 (1977).

3. *Intent to deprive permanently.* That the defendant might have intended to repay his victims (and in some instances did) was not a defense to the crimes charged. Although the offense of larceny requires an intent to deprive the owner of his property permanently, the crime of larceny by false pretenses does not. See *Commonwealth v. Howe*, 132 Mass. 250, 260 (1882). See generally Nolan & Henry, Criminal Law §§ 346 & 347 (2d ed. 1988); Perkins, Criminal Law 382 (3d ed. 1982). The defendant's reliance on G. L. c. 277, § 39, is misplaced. That statute was not enacted to change the elements of the various and distinct forms of larceny but to make clear that, as used in an indictment, the word "steal" comprehends the various types of larceny. See *Commonwealth v. Kelley*, 184 Mass. 320, 322-323 (1903). Nor does *Commonwealth v. Levin*, 11 Mass. App. Ct. 482, 495 (1981), give any support to the defendant's argument, as can be seen from the cases therein cited, *Commonwealth v. Green*, 326 Mass. 344, 347-348 (1950), and *Commonwealth v. Kiernan*, 348 Mass. 29, 46 (1964), cert. denied sub nom. *Gordon v. Massachusetts*, 380 U.S. 913 (1965). The judge correctly refused to instruct the jury that the Commonwealth had the burden or proving that the defendant intended to deprive the victims of their money permanently. See *Commonwealth v. Stovall*, 22 Mass. App. Ct. 737, 744 (1986).

*Judgments affirmed.*

*Gregory V. Sullivan* (*Christopher R. Sullivan* with him) for the defendant.

*Stephanie Martin Glennon*, Assistant District Attorney, for the Commonwealth.