COMMONWEALTH vs. BRUCE S. MOORE.

No. 92-P-1857

Plymouth. December 14, 1993. - May 9, 1994.

Present: BROWN, KAPLAN, & LAURENCE, JJ.

*Practice, Criminal,* Instructions to jury. *Larceny. Assault and Battery. Assault and Battery by Means of a Dangerous Weapon. Intent. Intoxication.*

At the trial of an indictment for larceny of a motor vehicle, the judge's incorrect instruction on the element of intent created a substantial risk of a miscarriage of justice; and where there were also errors in the instructions on the element of intent in related indictments arising out of the same incident, a new trial was granted on all charges. [455-462]

INDICTMENTS found and returned in the Superior Court Department on August 12, 1991.

The case was tried before *Cortland A. Mathers,* J.

*Andrew Silverman,* Committee for Public Counsel Services, for the defendant.

*Paul C. Dawley,* Assistant District Attorney, for the Commonwealth.

BROWN, J. A jury in the Superior Court convicted the defendant upon the following indictments: (1) assault and battery with a dangerous weapon to wit: a motor vehicle (G. L. c. 265, § 15A[*b*]); (2) assault and battery on a police officer (G. L. c. 265, § 13D); and (3) larceny of a motor vehicle (G. L. c. 266, § 28).[1] The jury acquitted the defendant upon an indictment for assault with intent to murder. See G. L. c. 265, § 13. The appeal is all about the jury instructions. The defendant raised no objection at trial either to the instruc-

---

[1]The defendant subsequently pleaded guilty to that portion of the indictment charging a second and subsequent offense for larceny of a motor vehicle.

tions as given or the judge's failure to deliver certain requested instructions.

We are compelled to reverse because the judge misstated an element of the offense of larceny, thereby creating a substantial risk of a miscarriage of justice. As there were also errors in the instructions on the other offenses arising out of the same incident, we conclude that a new trial is warranted on all three indictments. We set out only such facts as are pertinent to our analysis of the legal issues. The defendant stole a Chevy pickup truck owned by one Duquette from an alleyway behind a drinking establishment in Brockton. A police officer took up pursuit, and when the defendant stopped at an intersection, the officer attempted to get into the vehicle for the purpose of taking the defendant into custody. As the officer was reaching for a door handle, the defendant (according to the officer's testimony) grabbed hold of the officer's wrist (the assault and battery on a police officer offense) and took off. The officer attempted to mount the running board and to free himself, but he was unsuccessful. The officer was dragged some distance (about one hundred yards) with his left leg on the ground. As the vehicle was swerving and "swaying back and forth," the officer was continually being slapped against it (the assault and battery with a dangerous weapon offense). See and compare *Commonwealth* v. *LeBlanc*, 3 Mass. App. Ct. 780 (1975). Eventually, the officer dropped off and became unconscious. He suffered a concussion and other injuries.

1. *Instructions on larceny of a motor vehicle.*

The defendant maintains that the judge erred in instructing the jury that they could find the defendant guilty of larceny if they found either an intent permanently to deprive the owner of his property or an indifference to whether the owner recovered his property. There was no objection to the instruction at trial.

"One who takes property without the authority of the owner and so uses it or disposes of it as to show indifference whether the owner recovers possession *may be found to intend* to deprive the owner of it permanently" (emphasis sup-

plied). *Commonwealth* v. *Salerno*, 356 Mass. 642, 648 (1970). See also *Commonwealth* v. *Coyle*, 17 Mass. App. Ct. 982, 984 (1984) ("[t]he trial judge correctly instructed the jury that the disposal of property of another with utter indifference to whether the owner recovers its possession may indicate an intent to deprive the owner of it permanently"); Nolan & Henry, Criminal Law § 346, at 259 (2d ed. 1988). Here, however, the judge instructed the jury that to convict the defendant they must find the defendant "to have intended to permanently deprive the owner of the property *or* . . . to have taken the property without authority in a state of mind wherein he was indifferent to whether the [owner] ever got it back or not. He's *either* got to intend to permanently interfere with the ownership of the property *or* be indifferent to whether the defendant got it back or not." (Emphases supplied.)

Although indifference to whether the owner recovers possession of the property *may* indicate that a defendant had the requisite intent to permanently deprive the owner of possession, such indifference is not an alternative to the intent to permanently deprive. It does not automatically suffice to prove the mental element of larceny; it merely may serve as the evidentiary basis from which the jury may infer that an intent to deprive permanently exists. Because this basic element of larceny was misstated, the conviction of that offense must be reversed.

2. *Assault and battery instructions.*

The defendant contends that the instructions on the "mens rea" element with respect to the assault and battery offenses failed to state the applicable law correctly. He asserts that, in essence, the judge told the jury that all that was required for a finding of guilty on the underlying assault and battery elements of the offenses of assault and battery with a dangerous weapon and assault and battery on a police officer was proof that the defendant did some intentional act, the result of which was a touching of the victim, but that it was not necessary that it be shown that the defendant intended that a

touching occur. The defendant did not object at trial to this instruction.

The judge instructed the jury, in part, that to prove the defendant guilty of assault and battery with a dangerous weapon, the Commonwealth must prove that "the defendant touched the person of [Officer] Smith however slightly without having any right or excuse for doing so; second, that the touching was intentional in the sense that it did not happen accidentally; third, that the touching was done with a dangerous weapon."[2] The judge then stated, "*It is not necessary that the defendant specifically intended to touch [Officer] Smith. It is only necessary that he intentionally did that act which resulted in touching as opposed to having done it accidentally.*" (Emphasis supplied.) When instructing on the assault and battery elements of the offense of assault and battery of a police officer, the judge repeated the underlined portion of the previous charge. Later, in response to a question from the deliberating jury requesting that the judge redefine assault and battery by means of a dangerous weapon, the judge essentially reiterated the three elements of the offense mentioned above, including the portion that the touching be intentional and not accidental. However, he also included the following:

> "Second, the touching must be intentional in that it can't be accidental. If you are riding on a subway and the car lurches and you smash into somebody, it's not an assault, nor a battery because it's an unintentional contact. It has to be an intentional act, but it does not have to have specific intent, you remember. It has to have only general intent. The touching must be done with a dangerous weapon. . . . When the law says the touching must be done with the dangerous weapon, it means that the touching must be brought about by the

---

[2]The instructions failed to state that where the battery is by an object that is not inherently dangerous, there must be "the intent to use that object in a dangerous or potentially dangerous fashion." *Commonwealth* v. *Appleby*, 380 Mass. 296, 308 (1980).

dangerous weapon. In this instance, the Commonwealth alleges the dangerous weapon to be a vehicle. . . . [T]he touching [must be] done or brought about by virtue of the use of an object being used as a dangerous weapon."

Although the portion of the instruction underlined above essentially tracks a portion of instruction 5.401 of the Model Jury Instructions for Use in the District Court (1989), this portion ("[i]t is only necessary that he intentionally did that act which resulted in the touching as opposed to having done it accidentally") was inapplicable to the facts of the case and could only mislead the jury.

The crime of assault and battery is defined as the "intentional and unjustified use of force upon the person of another, however slight, *or* the intentional doing of a wanton or grossly negligent act causing personal injury to another" (emphasis supplied). *Commonwealth* v. *McCan*, 277 Mass. 199, 203 (1931). The judge in this case did not give (and the Commonwealth did not request) an instruction under the alternative theory — the intentional doing of a wanton or grossly negligent act causing personal injury to another (which requires proof of actual physical injury). Therefore, to convict the defendant of assault and battery, the jury had to do so under the first definition, which requires a finding that the touching or use of force was intentional. *Commonwealth* v. *McCan*, 277 Mass. at 203. See also, e.g., *Commonwealth* v. *Appleby*, 380 Mass. 296, 306 (1980); *Commonwealth* v. *Ferguson*, 30 Mass. App. Ct. 580, 585 (1991).

Although it is true that assault and battery is a general intent crime, *Commonwealth* v. *Appleby*, *supra* at 307, and, although the instructions correctly stated in other portions that the touching must be intentional and not accidental, the underlined portion of the instruction, combined with the example given in the supplemental instruction of contact caused by the lurching of a subway car, may have confused the jury as to what intent was required.

The jury also might possibly have been confused by that portion of the instructions pertaining to the defendant's con-

tention that the events unfolded so rapidly that there was not time for the defendant to form the intent to strike the police officer with the truck. The judge instructed the jury on the assault and battery with a dangerous weapon offense (a crime requiring only general intent, see note 3, *infra*) that general intent is "when we do things more or less unconsciously. It's a reflex action such as sitting down in a chair or walking up stairs . . . not requir[ing] any concentrating or focusing the mind." See criticism of such an explanation in *Commonwealth* v. *Sibinich*, 33 Mass. App. Ct. 246, 249 n.1 (1992). On retrial, this definition of general intent should be avoided.

3. *Instructions on intoxication defense.*

The question of voluntary intoxication is an evidentiary factor for the jury to consider along with other credible evidence relating to the defendant's intent. See *Commonwealth* v. *Sires*, 413 Mass. 292, 300-301 (1992). See also *Commonwealth* v. *Kelcourse*, 404 Mass. 466, 469 (1989). Where proof of a crime requires proof of a specific intent and there is evidence tending to show that the defendant was under the influence of alcohol at the time of the crime, the judge should instruct the jury, "if requested," that they may consider evidence of the defendant's intoxication in deciding whether the Commonwealth has proved that specific intent beyond a reasonable doubt. *Commonwealth* v. *Henson*, 394 Mass. 584, 593 (1985). Here, defense counsel specifically requested such an instruction with respect to the offense of assault with intent to murder, but did not do so with respect to the other offenses. The judge confined the jury's consideration of evidence of the defendant's intoxication solely to the indictment for assault with intent to murder. See *id.* at 590-591. The defendant argues on appeal that the judge improperly limited the jury's consideration of the intoxication defense with respect to the crimes of larceny of a motor vehicle and assault and battery on a police officer.[3]

---

[3]The defendant does not claim that the judge improperly limited the jury's consideration of the defense of intoxication with respect to the crime of assault and battery with a dangerous weapon, a crime requiring general

The Commonwealth points out that voluntary intoxication is not an excuse or justification for a crime requiring only general intent; its assumption, however, that the two crimes in question are general intent crimes is incorrect. Larceny is the "unlawful taking and carrying away of the personal property of another with the specific intent to deprive the person of the property permanently." *Commonwealth* v. *Johnson*, 379 Mass. 177, 181 (1979). See also *Commonwealth* v. *Hildreth*, 30 Mass. App. Ct. 963, 965 (1991). The elements of larceny of a motor vehicle are the same as the elements of larceny of any species of property. Nolan & Henry, Criminal Law § 350, at 268 (2d ed. 1988). The offense of assault and battery on a police officer requires a specific intent to strike a police officer; more particularly, it has two additional elements beyond those required for simple assault and battery (compare G. L. c. 265, § 13D, with G. L. c. 265, § 13A) — the officer must be engaged in the performance of his duties at the time and the defendant must know that the victim was an officer engaged in the performance of his duties. *Commonwealth* v. *Francis*, 24 Mass. App. Ct. 576, 577 (1987). See also *Commonwealth* v. *Rosario*, 13 Mass. App. Ct. 920 (1982).

Because we have already decided that there must be a retrial we need not decide whether the failure to present to the jury for their consideration the intoxication claim relative to the specific intent element of those offenses created a substantial risk of a miscarriage of justice.[4] On retrial, if the

---

intent. See *Commonwealth* v. *Meadows*, 12 Mass. App. Ct. 639, 644 (1981).

[4] The testimony of the prosecution witnesses and the testimony of the defendant differed as to the extent of drinking and the degree of intoxication. Issues of credibility, of course, are for the jury to resolve.

It is to be noted that both the issue of intoxication and the errors in the instructions already discussed went to the issue of intent with respect to those two offenses.

defendant requests such an instruction, it should, of course, be given.

*Judgments reversed.*
*Verdicts set aside.*