COMMONWEALTH vs. THOMAS C. FORD.

Worcester. December 5, 1996. - April 11, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Assault and Battery. Assault and Battery by Means of a Dangerous Weapon. Intent. Practice, Criminal, Instructions to jury.*

At the trial of indictments for assault and battery by means of a dangerous weapon, the judge's incorrect instruction to the jury, that all that was necessary for a guilty verdict was a finding that the defendant did an intentional act the result of which was a touching of the victim, impermissibly lowered the Commonwealth's burden of proof regarding the mens rea element: where another portion of the charge was correct, the charge as a whole was confusing and created a substantial risk of a miscarriage of justice, and a new trial was required. [711-713]

INDICTMENTS found and returned in the Superior Court Department on January 14, 1993.

The cases were tried before *Daniel F. Toomey*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brian Cann*, Assistant District Attorney, for the Commonwealth.

*Eric S. Brandt*, Committee for Public Counsel Services, for the defendant.

LYNCH, J. The defendant was charged in four indictments with assault with intent to kill (G. L. c. 265, § 29), two acts of assault and battery by means of a dangerous weapon to wit: an automobile (G. L. c. 265, § 15A), and possession of heroin (G. L. c. 94C, § 34). A jury convicted the defendant on all indictments except the indictment charging assault with intent to kill. On that charge, the jury convicted the defendant of simple assault, and the conviction was placed on file. See note 2, *infra*. In an unpublished memorandum and order under its Rule 1:28, the Appeals Court reversed the convictions, see 40 Mass. App. Ct. 1130 (1996), concluding that the judge erred in failing to require the Commonwealth

to explain its peremptory challenge of the sole black member of the venire and, thereafter, in failing to undertake a meaningful evaluation of the reasons voluntarily proffered by the prosecutor to determine the sufficiency of the justifications advanced. We granted the Commonwealth's application for further appellate review. We also conclude that there must be a new trial, but without reaching the constitutional issues relied on by the Appeals Court.

*Facts.* The jury could have found the following facts. In December of 1992, police officers investigating drug activity in the Worcester area had the defendant under surveillance. In the course of this investigation the police attempted to stop the defendant's automobile on Interstate 495. After pulling over at the officers' signals, the defendant then accelerated his automobile, veered out to the left around one of the police vehicles, and drove toward the highway. The defendant's automobile struck one of the police officers and carried him into the middle lane of the highway; he was struck by another vehicle. A second officer testified that he also was struck by the defendant's vehicle. The defendant was then pursued, stopped, and arrested.

The judge instructed the jury that, in order to find the defendant guilty of assault and battery by means of a dangerous weapon, the Commonwealth must prove that "the defendant touched [the police officers], however slightly, without having any right or excuse for doing so. Secondly, that the touching was intentional in the sense that it was not accidental. Third, that the touching was done with a dangerous weapon." The judge then stated *"[i]t is not necessary that the defendant specifically intended to touch either [of the police officers]. It is only necessary — and the Commonwealth must prove this to you beyond a reasonable doubt — that he intentionally did the act which resulted in the touching as opposed to having done it accidentally"* (emphasis supplied). The emphasized portion of the instruction was essentially repeated in answering a question posed by the jury during deliberations. The defendant argues on appeal that the instructions on the "mens rea" element with respect to the assault and battery offenses failed to state the applicable law correctly. Defense counsel did not object to the charge on either occasion, however, and therefore we review under a substantial risk of a miscarriage of justice standard. See *Commonwealth* v. *Claudio,* 405 Mass.

481, 486 (1989); *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967).

This case presents us with substantially the same issue that was before the Appeals Court in *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455 (1994). In *Moore*, the Appeals Court noted that assault and battery may be proved using either of two theories. *Id.* at 459. See *Commonwealth* v. *Burno*, 396 Mass. 622, 625 (1986); *Commonwealth* v. *McCan*, 277 Mass. 199, 203 (1931). Under the first theory, an assault and battery is "the intentional and unjustified use of force upon the person of another, however slight." *Commonwealth* v. *Burno, supra,* quoting *Commonwealth* v. *McCan, supra.* Assault and battery may also be proved by the "intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another." *Commonwealth* v. *Burno, supra.*

As the Appeals Court correctly concluded in *Commonwealth* v. *Moore, supra* at 458-459, however, where, as here, the judge chooses not to instruct the jury under the wanton and reckless theory of assault, it is incorrect to instruct the jury that the defendant may be convicted on a finding that the defendant intentionally did the act which resulted in the touching. In order to convict the defendant under the intentional theory, the Commonwealth had to prove beyond a reasonable doubt that the defendant intended to commit an assault by means of a dangerous weapon, and having intended to commit the assault did touch the victim with the dangerous weapon. *Commonwealth* v. *Appleby*, 380 Mass. 296, 306-307 (1980). See *Commonwealth* v. *Cataldo*, 423 Mass. 318, 318-319 n.1 (1996); *Commonwealth* v. *Moore, supra* at 459 (intentional theory of assault and battery by means of dangerous weapon requires finding that touching or use of force was intentional). Because assault and battery by means of a dangerous weapon is a general intent crime, there is no requirement that the Commonwealth must prove the defendant had a specific intent to injure the victim. See *Commonwealth* v. *Waite*, 422 Mass. 792, 795 n.2 (1996); *Commonwealth* v. *Appleby, supra* at 307. To find the requisite intent, however, the jury must find beyond a reasonable doubt that the touching did not happen accidentally. See *id.* at 306; *Commonwealth* v. *Ferguson*, 30 Mass. App. Ct. 580, 585 (1991). It is not enough for the jury to find that the defendant

intentionally did the act which resulted in the touching. *Commonwealth* v. *Appleby, supra* at 306 (assault and battery by means of dangerous weapon requires "intentional, unjustified touching, however slight, by means of [a] dangerous weapon").

Moreover, contrary to the Commonwealth's contention, the challenged portion of the instruction did more than instruct the jury that assault and battery by means of a dangerous weapon is a general intent crime. Rather, the instruction impermissibly lowered the Commonwealth's burden of proof regarding the mens rea element of the crime by instructing the jury that all that was necessary for a guilty verdict was a finding that the defendant did an intentional act, the result of which was a touching of the victim. See *Commonwealth* v. *Moore, supra* at 457, 459.

Since the erroneous instruction was not objected to, we must consider whether it created a substantial risk of a miscarriage of justice. A portion of the charge correctly stated that the "touching must be intentional in the sense that it was not accidental." The incorrect portion of the instruction, however, coupled with the correct portion of the instruction, rendered the charge as a whole confusing, for the charge confronted the jury with conflicting standards of intent. There is no way to know which of the two irreconcilable instructions the jurors applied in reaching their verdict. See *Commonwealth* v. *Repoza*, 400 Mass. 516, 519, cert. denied, 484 U.S. 935 (1987); *Commonwealth* v. *Wood*, 380 Mass. 545, 548 (1980); *Commonwealth* v. *Goulet*, 374 Mass. 404, 416 (1978). Therefore, because such confusion may have resulted in the jury convicting the defendant only on a showing that the defendant was intentionally driving the car and we are "especially sensitive to this risk . . . where the instructions incorrectly defined the crimes," we conclude, as did the Appeals Court in *Commonwealth* v. *Moore, supra* at 459-460, where the same error was made, that a new trial is required.[1] *Commonwealth* v. *Goulet, supra*. Because of this conclusion we

---

[1]While the Appeals Court in *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 459-460 (1994), also concluded that the definition of general intent given by the judge should be avoided on retrial, the Appeals Court did base its decision to require a new trial on the erroneous instructions regarding assault and battery by means of a dangerous weapon. The Commonwealth's argument to the contrary is incorrect.

need not consider whether the jury selection process violated art. 12 of the Declaration of Rights and the equal protection clause of the Fourteenth Amendment to the United States Constitution.[2]

The convictions of assault and battery by means of a dangerous weapon are reversed and remanded for a new trial.

*So ordered.*

---

[2]Alleged errors in the assault and battery by means of a dangerous weapon instruction would be dispositive because, although the defendant was also convicted of possession of heroin, he does not contest that conviction on appeal. Moreover, while the defendant was convicted of assault, that conviction was placed on file. A conviction placed on file "suspend[s] for as long as the case remains on file, a defendant's right to appeal alleged error in the proceeding." *Commonwealth* v. *Paniaqua,* 413 Mass. 796, 797 n.1 (1992), quoting *Commonwealth* v. *Delgado,* 367 Mass. 432, 438 (1975). Here, while the record does not reflect the defendant's affirmative assent to placing the conviction on file, when given the opportunity by the judge to object, the defendant did not do so. Thus we decline to reach potential constitutional issues solely for a conviction that was properly placed on file. Cf. *Commonwealth* v. *Nowells,* 390 Mass. 621, 629-630 (1983) (where conviction on filed indictment was subject to same weakness as convictions on which defendant was sentenced, court ordered that defendant be granted appropriate relief with regard to filed indictment even though it was assumed that defendant, who did not affirmatively assent to placing conviction on file, did consent to placing indictments on file); *Commonwealth* v. *Delgado, supra* (where defendant's consent to placing convictions on file was neither sought nor obtained, defendant entitled to consideration of merits of his claims of error regarding filed convictions). We note also that the defendant seems to concede that errors in the assault and battery by means of a dangerous weapon instruction would be dispositive.