COMMONWEALTH *vs*. SALVATORE A. GAROFALO.

No. 97-P-1251.

Plymouth. October 16, 1998. - January 20, 1999.

Present: ARMSTRONG, KASS, & FLANNERY, JJ.[1]

*Assault and Battery. Assault and Battery by Means of a Dangerous Weapon.*
*Practice, Criminal,* Instructions to jury, Argument by prosecutor, Sentence.

At the trial of an indictment for assault and battery by means of a dangerous
weapon, the judge's erroneous instruction to the jury on the intent needed
to prove the charge required that the defendant be granted a new trial.
[192-194]

At the trial of an indictment for assault and battery, the prosecutor's closing
argument was neither unfairly prejudicial nor did it misstate the evidence.
[194]

A Superior Court judge correctly considered and properly commented on the
defendant's prior record at sentencing. [194-195]

INDICTMENTS found and returned in the Superior Court Depart-
ment on July 11, 1995.

The cases were tried before *Suzanne DelVecchio,* J.

*James E. Fitzgerald* for the defendant.

*Carolyn A. Burbine,* Assistant District Attorney, for the Com-
monwealth.

KASS, J. There was evidence that on four occasions between
July, 1994, and April, 1995, the defendant, Salvatore Garofalo,
battered Aimee Mack. As to what was said to have occurred in
two of those incidents, Garofalo was acquitted by a jury. Around
Labor Day in 1994, Garofalo slammed Mack against the walls
of the apartment they had transiently shared, chased Mack down
the stairs and to her car, threw her keys into the woods, grabbed
her by the hair, and threatened to kill her if she called the
police. That episode produced an indictment for assault and bat-

---

[1]Justice Flannery participated in the deliberation on this case prior to his
death.

tery (G. L. c. 265, § 13A) on which the defendant was convicted. There was an episode on April 22, 1995, when Garofalo threw Mack to the floor, kicked her, threw objects at her, and hit her in the face with a glass candleholder. For that Garofalo was convicted of assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A[*b*]).

As to the judgment of conviction of assault and battery by means of a dangerous weapon, the government concedes error in the jury instructions,[2] and that judgment is to be reversed. As to the simple assault and battery, the judgment shall stand. We deal relatively briefly with claims of error that the defense has directed at the prosecutor's closing argument and the sentencing.

1. *Error in jury charge.* When charging the jury on the elements of assault and battery with a dangerous weapon, the trial judge lapsed into an error first discussed in *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 459 (1994), and later, after the trial of the instant case, in *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997). It had been a common practice, prior to *Moore*, to tell jurors, as the judge did here:

> "It is not necessary that the defendant specifically intended to touch [the victim]. It is only necessary that he intentionally did the act which resulted in the touching, as opposed to having done it accidentally."

The mistake in that formulation is that the "intentional and unjustified use of force upon the person of another, however slight," *Commonwealth* v. *Burno*, 396 Mass. 622, 625 (1986), does require that the person committing the battery intend the unconsented-to touching. *Commonwealth* v. *Ford, supra*.[3] The correct instruction for assault and battery is, therefore, that

---

[2]Although the Commonwealth has conceded error, we nonetheless exercise "our appellate function of determining whether error was committed." *Commonwealth* v. *McClary*, 33 Mass. App. Ct. 678, 686 n.6 (1992), and cases cited.

[3]The deciding factor in both *Ford* and *Moore* was not the giving of the erroneous instruction per se. Compare *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 5 (1986) (no risk of miscarriage of justice if erroneous instruction does not relate to an issue actively contested at trial). Rather, the vice in each case was that the challenged language could well have confused the jury (see *Moore*, 36 Mass. App. Ct. at 459; *Ford*, 424 Mass. at 712), because they could have found the defendant guilty solely on proof that he had intentionally done an intrinsically lawful (or at least neutral) intermediate act — driving a motor

the jury must find beyond a reasonable doubt that the defendant touched the victim without the victim's consent and without justification and that he did so intentionally.[4] That the error occurred in connection with the judge's instruction on assault and battery with a dangerous weapon is conceded by the Commonwealth. On that indictment the defendant is entitled to a new trial. In view of the underlying flaw in the charge pertaining to assault and battery with a dangerous weapon in this case, it is not necessary to consider the defendant's contention — not raised at trial — that, as to the candleholder, the jury were to be instructed that the defendant must have *intended* to use it in a dangerous fashion. Parenthetically, if the jury are correctly instructed that they must find the touching to be intentional, it would be sufficient to instruct the jury that the essentially harmless item, i.e., the candleholder, can be transformed into a dangerous weapon if it is used in a dangerous fashion. *Commonwealth* v. *Dreyer*, 18 Mass. App. Ct. 562, 563 (1984). Compare *Commonwealth* v. *Moore*, 36 Mass. App. Ct. at 458 n.2. Put another way, once a jury has found an intentional touching with an object and that the object as used was a dangerous weapon, its work is done. There is no reason to instruct the jury

vehicle — that led to the subsequent injurious "touching" of the police officer whether or not the defendant intended the touching, thus finding guilt based on a lower standard of proof. Similarly here, the jury might have been misled to convict based on the defendant's intentional handling of an essentially harmless domestic item, a candleholder. A different result might well follow when the intentional intermediate acts involved, e.g., punching, kicking, stabbing, are themselves intentionally assaultive. The critical question (at least when reviewing on a substantial risk of a miscarriage of justice standard) is whether, viewing the charge in its entirety, there was a reasonable likelihood that the jury could have understood the judge's instructions to allow the defendant's conviction on proof other than that he had engaged in an intentional and unjustified touching of the person of the victim. See note 4, *infra.*

[4]The Superior Court in 1995 adopted recommended model instructions for assault and battery, a crime which may take two forms: (1) the intentional and unjustified use of force on the person of another (discussed above); and (2) a wilful, wanton, and reckless act that results in personal injury to another. See *Commonwealth* v. *Ford*, 424 Mass. at 711. For the first theory, the model instruction breaks the crime into four elements: *first*, that the defendant committed a touching, however slight; *second*, that the defendant intended to engage in the touching; *third*, that the touching was harmful or offensive; and *fourth*, that it was committed without justification or excuse. (See also Model Jury Instructions for Use in the District Court, Instruction 5.40, assault and battery [Supp. 1997].)

that they must also find an intent to use the object as a dangerous weapon.

2. *The closing argument.* When instructing on the separate indictment of simple assault and battery, the judge instructed the jury correctly, substantially along the lines of the model described in note 4, *supra.* The defense, however, attacks the conviction of assault and battery on the ground that the prosecutor made an unfairly prejudicial closing argument. Significantly, there was no objection to the closing argument. See *Commonwealth* v. *Bourgeois,* 391 Mass. 869, 884 (1984). Compare *Commonwealth* v. *Griffith,* 45 Mass. App. Ct. 784, 785 (1998).

We have reviewed the closing argument and are of opinion that it crosses no line of prohibition. To the degree that the argument might have warmed the passions of the jury, it did so by reference to testimony that, when recalled, would have that effect. That is permissible. *Commonwealth* v. *Lyons,* 426 Mass. 466, 472 (1998). *Commonwealth* v. *Kent K.,* 427 Mass. 754, 759 n.6 (1998). Contrary to the defendant's assertion, there was no vouching for the credibility of prosecution witnesses. A single accidental use of the pronoun "he" instead of "she," assuming it is not a stenographer's error (defense trial counsel either did not hear such a mistake or thought nothing of it), could hardly be taken as a misstatement of the evidence. There is no risk that the jury might have been confused.

3. *Comment on defendant's record at sentencing.* At sentencing, the trial judge said: "I am going to impose a five- to six-year Walpole sentence . . . having given it a significance that is serious, violent, and repetitive, based on his prior record of convictions." On the basis of that statement, the defense taxes the judge with having punished the defendant for conduct other than that for which he stands convicted in the particular case. See *Commonwealth* v. *LeBlanc,* 370 Mass. 217, 221 (1976).[5] That argument is simply wrong. It is permissible to consider a defendant's prior convictions when sentencing. See *Commonwealth* v. *Coleman,* 390 Mass. 797, 805 (1984); *Com-*

---

[5]The statement was made in connection with the sentence on assault and battery with a dangerous weapon, a conviction we are setting aside. On that charge, the judge had sentenced the defendant to five to six years in State prison. On simple assault and battery, the judge had placed the defendant on five years' probation. The judge, however, may resentence the defendant on the assault and battery conviction; the argument put forth by the defendant about sentencing considerations, to that degree, has some residual significance.

*monwealth* v. *Molino*, 411 Mass. 149, 155 (1991). Indeed, the Superior Court sentencing guidelines provide that prior convictions are to be factored into computation of the sentence. Compare *Commonwealth* v. *Lewis*, 41 Mass. App. Ct. 910 (1996); *Commonwealth* v. *Howard*, 42 Mass. App. Ct. 322, 326 (1997).

4. *Conclusion.* The judgment of conviction of assault and battery with a dangerous weapon is reversed, and the verdict on that count is set aside. The Commonwealth may, of course, require the defendant to stand trial again on that charge. The judgment of conviction of assault and battery is affirmed. The judge may resentence the defendant on that conviction.

*So ordered.*