### COMMONWEALTH *VS.* SANN THAN.

No. 02-P-463.

Middlesex. May 20, 2003. - September 25, 2003.

Present: CYPHER, KASS, & TRAINOR, JJ.

Further appellate review granted, 442 Mass. 1105 (2004). Review is limited to the issues concerning the jury instructions on constructive possession and the sufficiency of the evidence of constructive possession.

*Firearms. Motor Vehicle,* Firearms. *Evidence,* Exculpatory, Firearm, Fingerprints. *Practice, Criminal,* Preservation of evidence, Instructions to jury.

At the trial of a criminal complaint charging unlawful possession of a firearm, G. L. c. 269, § 10(*a*), the judge properly denied a motion to dismiss the complaint based on the Commonwealth's failure to preserve fingerprint evidence on the firearm, where the defendant did not demonstrate a reasonable possibility that exculpatory evidence would have been discovered. [411-413]

At the trial of a criminal complaint charging unlawful possession of a firearm, G. L. c. 269, § 10(*a*), the judge's charge to the jury mixed correct and incorrect instructions concerning elements of the crime, rendering the charge as a whole confusing and creating a substantial risk of a miscarriage of justice that required reversal. [413-414]

COMPLAINT received and sworn to in the Lowell Division of the District Court Department on October 4, 1999.

A motion to dismiss was heard by *Patricia G. Curtin,* J., and the case was tried before *William E. Melahn,* J.

*Debra S. Krupp,* Committee for Public Counsel Services, for the defendant.

*Esther M. Bixler,* Assistant District Attorney, for the Commonwealth.

KASS, J. There was a brawl outside Shooter's Sports Bar in Dracut at about 1:30 A.M. on October 3, 1999. At the time, John Fraser, a Dracut police officer, was working a paid detail and was talking near the entrance to the bar with two fellow officers who had dropped by after finishing their regular shifts. In the parking lot, where the fighting had broken out, someone

shouted, "He's got a gun," and gestured toward four men running from the melee. Officer Fraser and one of the officers who had just come off duty gave chase. The fleeing men ran to and entered a white Honda Civic automobile. The defendant jumped into the driver's seat. Before that car moved, the police officers caught up, with weapons drawn. They ordered the four occupants out. There was evidence that before he stepped from the car, the defendant first leaned right, which would be in the direction of the passenger seat. A third officer, Detective Joseph Jakuttis, arrived and searched the car. He found a handgun lying on the floor mat under the front passenger seat. The defendant was charged with unlawful possession of a firearm (G. L. c. 269, § 10[a]), an offense of which he was found guilty by a jury of six sitting in Lowell District Court.[1] We reverse the conviction.

1. *Failure to preserve evidence.* At the defendant's arraignment on October 4, 1999, defense counsel moved to preserve evidence in the custody of the Commonwealth, notably the handgun (a Colt .45 caliber automatic) taken from the car, and to be notified before any destructive testing by the Commonwealth. On the same day, defense counsel also moved for funds to have the car and weapon inspected by a fingerprint expert. Both motions were allowed but the Dracut police — inadvertently, it appears — sent the weapon to the State police forty-eight hours later for ballistic testing. No one took fingerprints from the weapon before that testing.

Five months before trial, defense counsel moved to dismiss the possession of the firearm complaint on the ground that the Commonwealth's violation of the court order to preserve evidence had resulted in the loss of potentially exculpatory evidence. What the defense had hoped to discover was that the defendant's fingerprints were not on the Colt .45, and that those of one of the three other men in the automobile were. A judge of the District Court (who was neither the judge at arraignment nor at trial) denied the motion on basis of her finding that the

---

[1] A charge against the defendant of public drinking was dismissed at the request of the Commonwealth. A defense motion to dismiss a charge of disorderly conduct was allowed at trial. Neither of those charges is relevant to this appeal.

defendant had failed to establish "a reasonable possibility based on concrete evidence that exculpatory evidence would have been uncovered." Because the Commonwealth had violated the order to preserve evidence, the motion judge ordered that the defendant could raise the missing evidence "issue before the jury through cross-examination of the Commonwealth's witnesses." At trial, the defense called a captain of the Dracut police as a witness and examined him about the failure to comply with the court order to preserve evidence. In his closing speech, defense counsel argued that the desire of the defense to lift fingerprints from the weapon suggested consciousness of innocence on the defendant's part.

It is the duty of the Commonwealth not to destroy potentially exculpatory evidence. *Commonwealth* v. *Harwood*, 432 Mass. 290, 295 (2000). *Commonwealth* v. *Sasville*, 35 Mass. App. Ct. 15, 19 (1993). That goes without saying when, as here, a court has ordered the Commonwealth to preserve evidence for a particular form of examination — here, fingerprinting. For purposes of weighing the materiality of the evidence and the potential prejudice to the defendant by its loss, see *Commonwealth* v. *Willie*, 400 Mass. 427, 432 (1987), the culpability of the Commonwealth will be assumed when the reason for the loss of evidence was negligence or inadvertence. *Commonwealth* v. *Olszewski*, 401 Mass. 749, 757 n.7 (1988). *Commonwealth* v. *Harwood, supra* at 295. If it is the case that the evidence for which the defendant has made a specific request has been lost by reason of the Commonwealth's culpability, "the defendant need only show a reasonable possibility that the evidence was exculpatory." *Commonwealth* v. *White*, 47 Mass. App. Ct. 430, 433 (1999). The defendant is entitled to relief if access to the destroyed or lost evidence "might have" affected the verdict. *Ibid.*

In applying those principles to the facts, we consider whether there was a reasonable possibility that the fingerprint evidence would be exculpatory. The potential for the defendant was slender even before the Dracut police sent the weapon to the State police. Detective Jakuttis, when he removed the firearm from the car, "grabbed ahold of it." He also cleared the weapon, took a round out, and removed the magazine. Then he put the

firearm in his waistband. There was substantial likelihood that earlier prints would have been marred by that handling of the weapon. More to the point, the Commonwealth in its case proceeded substantially on the basis of constructive possession, i.e., the defendant's knowledge of the presence of the weapon coupled with ability and intention to exercise dominion and control over it. *Commonwealth* v. *Garcia*, 409 Mass. 675, 686 (1991). *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 567 (1980). *Commonwealth* v. *Sadberry*, 44 Mass. App. Ct. 934, 935-936 (1998). *Commonwealth* v. *Blevins*, 56 Mass. App. Ct. 206, 210-211 (2002). Compare *Commonwealth* v. *Brown*, 50 Mass. App. Ct. 253, 257-258 (2000). Knowledge and ability and intention are conjunctive elements of constructive possession. As to those three elements, the absence of the defendant's fingerprints would not take him very far. He could intend to exercise dominion and control of the weapon, together with others, without having previously handled the weapon. Given the marginal nature of fingerprint evidence to the case, the judge who denied the motion to dismiss the complaint did not err in deciding that the defendant had not demonstrated a reasonable possibility that exculpatory evidence would have been discovered from examination of the Colt .45.

2. *The jury instructions.* The defendant claims on appeal that the judge erred in denying a request for an instruction to the effect the jurors were free to infer that the defendant would not have moved to have the evidence preserved and fingerprinted "if he had a belief that his fingerprints would have been found." Prescinding from the question whether the defendant was entitled to that instruction, defense counsel made no objection to its omission and the point, therefore, is lost. Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979).

In instructing the jury about constructive possession, the judge stumbled several times, regained his balance, and unfortunately stumbled again. He first said:

> "The Commonwealth must also prove that the defendant knew that the firearm was there and that the defendant had the power to exercise control over the firearm although this did not have to be exclusive control."

That touched on knowledge of the weapon and ability to exercise control of it, but left out the third element: intention to control it. This error he repeated several paragraphs later:

> "However the law does not require that someone have actual physical custody of an object to possess it. An object is considered to be in a person's possession if he has the ability to exercise control over the object either directly or through another person."

The judge then said:

> "To show possession there must be evidence justifying a conclusion that the defendant had the power and the intention to exercise control over the firearm."

This was an improvement but omitted the element of knowledge of the presence of the weapon in the car. The judge later added:

> "Possession implies control and power, exclusive or joint or in the case of constructive possession, that is when you don't have actual possession, knowledge coupled with the ability and intention to exercise dominion and control."

That was correct. The jurors then asked to be reinstructed about possession. Again the judge began by saying an object is considered to be in a person's possession "if he has the ability to exercise control over that object." Once again, the elements of knowledge and intention were missing. Several lines later, the judge spoke of the power and intention to exercise control over the firearm, without mentioning knowledge.

As in *Commonwealth* v. *Ford*, 424 Mass. 709, 712 (1997), the mixture of correct and incorrect portions of the instructions rendered the charge as a whole confusing. "There is no way to know which of the two irreconcilable instructions the jurors applied in reaching their verdict." *Ibid.* Although defense counsel did not object to the instructions, when the error concerns the elements of the crime for which the defendant is on trial, there is a substantial risk of a miscarriage of justice. *Ibid.* See *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 456 (1994).

*Judgment reversed.*

*Verdict set aside.*