**UNITED STATES of America**

v.

**Abraham GRANT–MARTINEZ, Defendant.**

**No. EP–07–CR–1163–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Sept. 19, 2007.

Donna Svet Miller, Assistant U.S. Attorney, El Paso, TX, for Plaintiff.

### MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO SIXTEEN–LEVEL INCREASE FOR PRIOR CONVICTION

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Abraham Grant–Martinez's objection to the Presentence Investigation Report's ("PSR") recommendation of a sixteen-level upward adjustment based on prior convictions in Massachusetts for Assault and Battery, Assault and Battery with a Dangerous Weapon, and Assault with a Dangerous Weapon. The PSR characterizes Defendant's prior convictions as "crimes of violence," qualifying him for a sixteen-level upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). After considering the parties' briefing and the oral arguments presented to the Court at the sentencing hearing on September 11, 2007, the Court orally denied Defendant's objection. The Court writes now to explain more fully the reasons for its ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 2007, Defendant was charged in a single-count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On June 25, 2007, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). The PSR also recommended a sixteen-level upward adjustment, pursuant to § 2L1.2(b)(1)(A)(ii), on the ground that Defendant had been convicted of an offense constituting a crime of violence prior to his previous removal from the United States. Defendant previously pled guilty to three counts of a four-count complaint in Massachusetts in 2004. Defendant objected to the recommended increase asserting that his convictions did not constitute "crimes of violence."

## II. DISCUSSION

§ 2L1.2(b)(1)(A)(ii) instructs the Court to apply a sixteen-level increase to the base offense level of a defendant who was previously deported after a felony conviction for a "crime of violence." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2007). The Guidelines define "crime of violence" as:

any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, *or any offense under federal, state, or local law that has as an element the use, attempt-*

*ed use, or threatened use of physical force against the person of another.*

*Id.* § 2L1.2 cmt. n. 1(B)(iii) (emphasis added). Defendant's convictions are thus "crimes of violence" if any of the convictions required as an element the use, attempted use, or threatened use of force. To determine whether a prior conviction constitutes a "crime of violence," the Court considers only the statute of conviction, and not the conduct giving rise to the conviction. *United States v. Velasco*, 465 F.3d 633, 638 (5th Cir.2006). A district court, in making "an inquiry of this sort[,] is limited to looking at the elements of the statute of conviction," such that " 'if any set of facts would support a conviction without proof of [the use of force], then the [use of force] most decidedly is not an element-implicit or explicit-of the crime.' " *Id.* (quoting *United States v. Vargas–Duran*, 356 F.3d 598, 605–06 (5th Cir.2004)). The three Massachusetts statutes under which Defendant was convicted provide that:

(a) Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than 2 ½ years in a house of correction or by a fine of not more than $1,000.

Mass. Gen. Law. Ch. 265 § 13A(a) (2004)

(b) Whoever commits an assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than 10 years or in the house of correction for not more than 2½ years, or by a fine of not more than $5,000, or by both such fine and imprisonment.

Mass. Gen. Law. Ch. 265 § 15A(b) (2004)

(b) Whoever, by means of a dangerous weapon, commits an assault upon another shall be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars or imprisonment in jail

for not more than two and one-half years.

Mass. Gen. Law. Ch. 265 § 15B(b) (2004)

 Given that the statutes fail to define the elements of the offenses, the Court will turn to Massachusetts common law to determine the elements. *United States v. Mangos*, 134 F.3d 460, 463 (1st Cir.1998). Defendant argues that the statutes encompass conduct that would not be considered a "crime of violence." He points out that the Fifth Circuit has held that Massachusetts's assault and battery statute, § 13A, encompasses two crimes: "one involving actual (or potential) physical harm, and the other involving a non-consensual but unharmful touching." *Andrade v. Gonzales*, 459 F.3d 538, 544 (5th Cir.2006) (quoting *United States v. Harris*, 964 F.2d 1234, 1236 (1st Cir.1992)). In instances where the statute under which the defendant was convicted contains more than one alternative, the Court may look to the charging document, written plea agreement, transcript of a plea colloquy, and to any explicit factual finding to narrow the statute. *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The Government has provided copies of the Complaint and Judgment signed by the presiding judge.

In response thereto, Defendant asserts that the Complaint and Judgment do not provide sufficient evidence to determine under which prong of § 13A Defendant was convicted. Further, Defendant asserts that §§ 15A and B incorporate § 13A, suggesting that those statutes, like § 13A, encompass two crimes, one of which does not involve the use of force as an element. Similarly, Defendant argues that the Complaint and Judgment fail to narrow the scope of §§ 15A and B. Defendant therefore claims that it is unclear whether he was convicted under that portion of the statutes which qualifies as a

"crime of violence," and concludes that the application of a sixteen-level enhancement is therefore inappropriate.

The Fifth Circuit has previously found that " § 13A is a divisible statute, one which 'covers two separate crimes.'" *Andrade*, 459 F.3d at 544 (holding that a conviction under § 13A was not an aggravated felony per se for purposes of removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as a "crime of violence" as defined in 18 U.S.C. § 16.). The Government admits that the statute is divisible, but asserts that the Complaint provided does sufficiently narrow the statutes of conviction such that it is clear that Defendant was convicted of a "crime of violence," because it sets forth that Defendant's actions were not merely unwanted touching, but an assault and a beating. The Government also argues that even if the Court finds that Defendant's conviction under § 13A is not a crime of violence, a conviction under § 15A(b) has been held to be a crime of violence, and so, his conviction under that statute warrants the sixteen-level enhancement.

The Complaint states, in Count Two, that Defendant "did assault and beat," the victim, and the Judgment reflects that the defendant pled guilty to Count Two. Other than the phrase "did assault and beat" in the Complaint, there is no information specifically indicating the prong of § 13A under which Defendant was convicted. The Seventh Circuit has determined, in a case considering whether § 13A is a crime of violence for purposes of the career offender guideline, that although the charging document alleged the defendant " 'did assault and beat' the victim," the phrase "is the standard charging language for all assault and battery charges in Massachusetts." *United States v. Jones*, 235 F.3d 342, 346 (7th Cir.2000). For this reason, the Court finds that the Complaint fails to provide sufficiently reliable evidence to allow the Court to conclude the specific prong under which Defendant was convicted, and therefore the Court concludes that Defendant's prior conviction under § 13A is not a crime of violence warranting the sixteen-level increase.

■ Defendant also pled guilty to Count Three, under § 15A(b). While the Fifth Circuit has not addressed whether a violation of that particular statute is a crime of violence, the First Circuit, in considering a case where the defendant had been convicted of illegal re-entry in violation of 8 U.S.C. § 1326, concluded that a prior conviction under § 15A(b) did constitute a crime of violence warranting a sixteen-level increase. *United States v. Earle*, 488 F.3d 537, 548 (1st Cir.2007) (finding that, "[t]he statutory definition admits to no interpretation other than a crime that involves the use of physical force against another person.").[1] Consequently, the Court finds the First Circuit's interpretation of Massachusetts common law persuasive, and therefore concludes that the use of force is an element of § 15A(b). Because the Court finds that the use of force is an element of § 15A(b), Defendant's prior conviction under that statute is a "crime of violence," and warrants a sixteen-level

---

1. This finding is supported by *Massachusetts v. Ford*, 424 Mass. 709, 677 N.E.2d 1149, 1151 (1997), which noted,

> assault and battery may be proved using either of two theories. Under the first theory, an assault and battery is 'the intentional and unjustified use of force upon the person of another, however slight.' Assault and battery may also be proved by the 'intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another.'

*Ford*, 677 N.E.2d at 1151 (quoting *Massachusetts v. Burno*, 396 Mass. 622, 487 N.E.2d 1366, 1368–69 (1986)).

increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

■ Defendant also pled guilty to Count Four, under § 15B(b). Although apparently no federal court has determined whether § 15B(b) has as an element the use, attempted use, or threatened use of physical force against the person of another, Massachusetts courts have found that the, "thrust of the offense 'of assault with a dangerous weapon, is an outward demonstration of force, and § 15B requires ... apparent ability to injure.'" *Massachusetts v. Cataldo,* 423 Mass. 318, 319 n. 1, 668 N.E.2d 762 (1996) (quoting *Massachusetts v. Appleby,* 380 Mass. 296, 402 N.E.2d 1051, 1057 (1980)). Accordingly, the Court finds that Massachusetts common law establishes that the use or threatened use of force is an element of § 15B(b). Because the Court finds that the use of force is an element of § 15B(b), Defendant's conviction under that statute is also a "crime of violence," warranting a sixteen-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

### III. CONCLUSION

Defendant's conviction under Massachusetts General Law Chapter 265 § 13A is not a "crime of violence," because the Complaint and Judgment submitted fail to indicate whether he was convicted under the prong of that statute which does require the use of force. However, his convictions under Massachusetts General Law Chapter 265 §§ 15A(b) and 15B(b) do constitute "crimes of violence" because they are "offense[s] under federal, state, or local law that ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n. 1(B)(iii) (2007). Therefore, based on the foregoing analysis, the Court is of the opinion that the sixteen-level up-

ward adjustment of § 2L1.2(b)(1)(A)(ii) is properly applied.