NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-187

COMMONWEALTH

vs.

JUAN H. RODRIGUEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After the trial judge denied the defendant's motion for a required finding of not guilty, a jury found him guilty of, among other things, one count of assault and battery with a dangerous weapon, G. L. c. 265, § 15A (b), and one count of malicious destruction of property under $1,200, G. L. c. 266, § 127.[1]  The defendant, in this appeal, argues that the trial judge erred in denying his motion for a required finding of not guilty as to these two counts.[2]  We affirm.

---

[1] The jury also found the defendant guilty of resisting arrest, G. L. c. 268, § 32B, and disorderly conduct, G. L. c. 272, § 53.

[2] In the conclusion to his brief, the defendant asks that we also vacate the guilty verdict on count five, wanton destruction

Facts.  "We summarize the facts as the jury could have found them, in the light most favorable to the Commonwealth." Commonwealth v. Platt, 440 Mass. 396, 397 (2003).

On February 14, 2019, Beverly police Detective Thomas Nolan responded to a "be on the lookout" notification for the defendant, Juan H. Rodriguez, involving effectuation of service of an arrest warrant on him.  This notification included information about the defendant and a description of his vehicle.  Detective Nolan decided to check an area near the defendant's residence.  While in his unmarked police cruiser on Northridge Road, which bordered a cemetery, he saw a gold Honda Pilot in the cemetery, matching the description of the defendant's vehicle.  He stopped his cruiser on Northridge Road, outside the cemetery, and radioed that he had located the vehicle.  He then saw a marked cruiser, driven by Officer April Clarizia, arrive at the cemetery and begin to approach the Honda.

Officer Clarizia testified that she stopped her cruiser face-to-face with the Honda and within one foot of it.  From that distance, she could see the Honda's driver.  She radioed dispatch, then placed her cruiser in park and opened the door to get out.  As she did so, the Honda "lunged forward" and struck

of property under $1,200, G. L. c. 266, § 127.  The jury, however, acquitted him on this count.

2

her cruiser. Officer Clarizia was still seated in the cruiser and felt the impact of the collision. The defendant then sped off in reverse.

To Officer Clarizia, the Honda appeared "out of control" as it reversed; it strayed from the road, driving onto the grass at times. She pursued the Honda, and at one point, the Honda, still in reverse, struck a tree, then hit her cruiser again. The Honda continued in reverse, and Officer Clarizia continued to pursue it, eventually using her cruiser's push bar to push the Honda into a pile of brush where it finally stopped.

After witnessing the Honda hit Officer Clarizia's cruiser, Detective Nolan climbed the fence that separated Northridge Road from the cemetery and pursued the Honda on foot. He eventually reached the car and saw the defendant in the driver's seat. Detective Nolan and other officers struggled to get the defendant out of the car and into handcuffs. The defendant did not respond when they told him to get out of the car and refused to comply with a later demand by the police that he get on the ground. The officers then wrestled him to the ground, but he refused to give them his hands for handcuffing and kicked at the officers. One of the officers eventually gave the defendant a drive stun with his taser gun, and the officers were able to handcuff the defendant.

Officer Clarizia's cruiser was damaged and had to be towed from the scene.

Discussion.  In reviewing a denial of a motion for a required finding of not guilty, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). "Circumstantial evidence alone may be sufficient to meet this burden," Commonwealth v. Nolin, 448 Mass. 207, 215 (2007), especially when it comes to mental state elements, such as intent, which are "often not susceptible of proof by direct evidence."  Commonwealth v. Henault, 54 Mass. App. Ct. 8, 13 n.7 (2002), quoting Commonwealth v. Casale, 381 Mass. 167, 173 (1980).

The Commonwealth may prove assault and battery with a dangerous weapon under either an intentional theory or a reckless theory.  See Commonwealth v. Ashford, 486 Mass. 450, 460 (2020).  "Intentional assault and battery by means of a dangerous weapon requires an 'intentional, unjustified touching, however slight, by means of [a] dangerous weapon.'"  Id., quoting Commonwealth v. Ford, 424 Mass. 709, 712 (1997).  The theory on which the Commonwealth proceeded was that the assault

4

and battery with a dangerous weapon was the initial contact between the Honda and the police cruiser.

Where, as here, the Commonwealth proceeds under the intentional theory, the Commonwealth must show that the defendant intended the touching to occur, not just that the defendant intended to take some act that led to the touching. See Ford, 424 Mass. at 711-712; Commonwealth v. Moore, 36 Mass. App. Ct. 455, 457-459 (1994). The Commonwealth must also prove that the touching did not happen by accident. Ford, supra at 711. Thus, as the jury were correctly instructed, the Commonwealth was required to prove that the defendant "consciously and deliberately intended the touching to occur and that the touching was not merely accidental or negligent."

To establish malicious destruction of property, the Commonwealth must prove that "the [defendant] 'destroy[ed] or injure[d] the personal property, dwelling house or building of another'" and did so willfully and maliciously. Commonwealth v. Woods, 94 Mass. App. Ct. 761, 769 (2019), quoting Commonwealth v. Morris M., 70 Mass. App. Ct. 688, 691 (2007). See Commonwealth v. Redmond, 53 Mass. App. Ct. 1, 3-4 (2001). In this context, malice means "cruelty, hostility or revenge." Redmond, supra at 4. Again, the judge limited this count to the initial contact between the defendant's car and the police cruiser.

5

The defendant's argument focuses on the mental state elements of each of these crimes; he argues first that there was insufficient evidence that he intended the touching that served as the basis for the assault and battery with a dangerous weapon charge. He also argues that there was insufficient evidence of willfulness or malice, as required for the malicious destruction of property charge.

As to the assault and battery charge, the defendant's main argument is that he did not intend the touching because, at the time of these events, his intent was to flee from the police. This is unpersuasive. Even if the defendant was motivated by a desire to escape from the police, a rational trier of fact could still have found that he also intended to touch Officer Clarizia's cruiser. Neither his desire to escape nor his quickly shifting into reverse after contact compel, as the defendant suggests, a finding that the touching was accidental. A rational trier of fact could have found beyond a reasonable doubt that the defendant intended to touch Officer Clarizia's marked police cruiser given that the two cars were facing each other, Officer Clarizia parked within a foot of his car, and his car then "lunged forward," striking her cruiser, before speeding off in reverse.

As to malicious destruction of property, the defendant argues that his principal goal was to flee the scene and escape

capture, and that there was insufficient evidence to demonstrate willfulness or malice. But this argument, too, ignores the evidence in the record. To begin with, the evidence described above is sufficient to support a finding beyond a reasonable doubt of willfulness. As to malice, there was evidence that the police had arrived to effectuate an arrest warrant on the defendant, and that, after Officer Clarizia stopped the defendant's car, he refused to follow the arresting officer's instructions and kicked at them as they tried to place him in handcuffs. This is sufficient to support a finding beyond a reasonable doubt that the initial act of driving his car into the police cruiser was undertaken with hostility, and, therefore, malice, toward the police, including Officer Clarizia.

Consequently, we perceive no error in the judge's denial of the defendant's motions for a required finding of not guilty.

<u>Judgments affirmed</u>.

By the Court (Rubin, D'Angelo & Smyth, JJ.[3]),

Clerk

Entered: June 24, 2025.

---

[3] The panelists are listed in order of seniority.

7