COMMONWEALTH *vs.* HECTOR N. MEDINA.

No. 96-P-1302.

Suffolk. April 17, 1997. - September 19, 1997.

Present: PORADA. IRELAND. & GREENBERG. JJ.[1]

*Practice, Criminal,* Instructions to jury. *Assault and Battery on Certain Public Officers and Employees.*

At the trial of a complaint for assault and battery on a police officer, no substantial risk of a miscarriage of justice arose from the judge's erroneous instruction that the defendant might be convicted on a finding that the defendant intentionally did an act that resulted in an accidental touching, where the evidence was overwhelming that the defendant's touching was not accidental. [534-536] GREENBERG, J., dissenting.

COMPLAINT received and sworn to in the West Roxbury Division of the District Court Department on October 10, 1995.

The case was tried before *R. Peter Anderson,* J.

*Peter M. Dempsey* for the defendant.

*Sharon J. Fray-Witzer,* Assistant District Attorney, for the Commonwealth.

PORADA, J. From his conviction of assault and battery on a police officer, the defendant appeals on the ground that the judge's erroneous instruction, not objected to at trial, on an element of this crime created a substantial risk of a miscarriage of justice. Although the instruction was incorrect, we affirm because we are not convinced that the error was sufficiently significant in the context of the trial that the result might have been otherwise but for the error. *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. 10, 21 (1986).

The judge instructed the jury that the Commonwealth had to prove that the "defendant touched the person of [the police of-

[1]Justice Ireland participated in the deliberation of this case while an Associate Justice of this court, prior to his appointment as an Associate Justice of the Supreme Judicial Court.

ficer] without any right or excuse for doing so" and that "the [d]efendant's act was intentional in the sense that it did not happen accidentally." He then stated that "[i]t's not necessary that the defendant had specifically intended to touch [the police officer], it is only necessary that he intentionally did the act which resulted in the touching as opposed to having done it accidentally." As stated in *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997), and in *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 458-459 (1994), when the judge chooses not to instruct the jury under the wanton and reckless theory of assault, as was the case here, it is incorrect to instruct the jury that the defendant may be convicted on a finding that the defendant intentionally did the act that resulted in the touching. The effect of such an instruction is to permit the jury to convict the defendant based upon an accidental touching that is the result of an intentional act. *Commonwealth* v. *Ford*, 424 Mass. at 711-712. There was no such risk in this case because the erroneous instruction did not relate to an issue actively contested at trial. *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 5 (1986).

Here, the confrontation between the officer and the defendant arose out of an alleged traffic violation by the defendant. The defendant believed he was being harassed by the officer and refused to hand over his license and registration to him when repeatedly requested to do so by the officer. The officer testified that the defendant did wave his license in the air at him but then proceeded to walk away. As the defendant did so, according to the officer's testimony, the officer placed his hand on the defendant's shoulder and advised him that he was under arrest. The officer said that the defendant then swung around and threw a punch at him which glanced off his face. As a result, the officer testified, he pushed the defendant up against a car and told him to put his hands behind his back so that he (the officer) could cuff the defendant, and the defendant's response was to reach for the officer, tearing both the officer's badge and name tag off of his shirt and breaking the chain that held the officer's whistle. This prompted the officer to spray the defendant with pepper spray. The defendant continued to struggle with the officer until the officer was able to spray the defendant a second time, enabling him to place the defendant on the ground where the struggle ended when the officer made a call for back-up on his hand-held radio. The defendant admitted in his testimony that after the officer placed his hand on the defendant's shoulder

and spun him around, he went to grab the officer. His testimony, however, differed from the officer's in that the defendant stated that "as I went to grab [the officer], he sprayed my face" with chemical mace or pepper spray and then a minor struggle ensued in which the defendant attempted to grab the can of mace or pepper spray from the officer. The defendant also testified that he did not intend to hit the officer but was simply trying to protect himself from the officer's actions, which he believed were unjustified.

In his closing argument to the jury, the defendant at no time argued that any touching of the officer by the defendant was accidental. Rather, he argued simply that the defendant had acted in self-defense in response to the officer's unwarranted harassment of the defendant and unjustified use of pepper spray and excessive force upon the defendant. Similarly, the prosecution's argument focused on whether the officer had used excessive force in placing the defendant under arrest, and not on the defendant's intent.

Both the evidence and the arguments of the Commonwealth and the defendant focused on whether the defendant's struggle with the officer was justified. The evidence was overwhelming that the defendant's touching of the officer was not accidental, as evidenced in particular by the torn shirt and broken whistle chain. The judge's improper instruction was given only once. Cf. *Commonwealth* v. *Moore*, 36 Mass. App. Ct. at 458. In those circumstances the erroneous instruction was not "sufficiently significant in the context of the trial to make plausible an inference that the result might have been otherwise but for the error." *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. at 21. See *Commonwealth* v. *Gabbidon*, 398 Mass. at 5-6. There was no substantial risk of a miscarriage of justice.

*Judgment affirmed.*

GREENBERG, J. (dissenting). In my view the mistaken part of the judge's instruction created a substantial risk of a miscarriage of justice. The judge instructed the jury that "[i]t's not necessary that the defendant had specifically intended to touch [the police officer], it is only necessary that he intentionally did the act which resulted in the touching as opposed to have done it accidentally." As we concluded in *Commonwealth* v. *Moore*,

36 Mass. App. Ct. 455, 458-459 (1994), and the Supreme Judicial Court recently held in *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997), "where . . . the judge chooses not to instruct the jury under the wanton and reckless theory of assault, it is incorrect to instruct the jury that the defendant may be convicted on a finding that the defendant intentionally did the act which resulted in the touching." *Ibid.* The Commonwealth makes no contention that the defendant's actions were wanton and reckless, and, therefore, the judge did not give, and the Commonwealth did not request, an instruction under that theory.

As the majority points out, the defendant contended that he acted in self-defense. There was evidence from the defendant that he was recovering from recent heart surgery and did not specifically intend to strike the officer, who stood six feet tall and weighed 280 pounds. Seizing on the defendant's self-defense theory, the majority stresses that the defendant never argued that any touching of the officer was accidental. What the majority ignores, however, is that although both parties in their closing arguments focused on the issue of excessive force, the Commonwealth nevertheless bore the burden of proof on the essential elements of the crime, including intent.[1] Moreover, the defendant's testimony did directly put the question of intent at issue.[2] The defendant did not testify that he intended to touch the officer, but only that he intended to remove the spray from the officer's hands. According to the defendant's testimony, the officer's shirt ripped as he "was trying to grab the pepper mace out of [the officer's] hands." Because the confusion in the

[1]The jury clearly disbelieved the defendant's affirmative defense, as evidenced by the conviction. The jury were left, therefore, to decide whether the defendant committed an assault and battery on a police officer.

[2]In contrast to the officer's testimony that after he grabbed the defendant's shirt at the left shoulder and said, "You're under arrest," the defendant struck him on the face with his open right hand, the defendant testified that the officer "grabbed me, spun me around. . . . I had trouble [inaudible] as I went to grab him, he sprayed my face." The defendant went on to testify that after the officer sprayed him, the defendant tried to grab the pepper spray, and a minor struggle ensued.

The defendant was asked, "Did you strike the officer?" He answered, "At any particular time, no. . . . [I]n the struggle I might have touched his hands trying to grab the pepper spray, but at any particular time, I never intend[ed] to hit him. I might have . . . I might have touched his [inaudible] which I don't know. I don't know if I did, but I never intended to strike him."

judge's instructions may have resulted in a conviction based only on this evidence, i.e., that he intended to do the act which resulted in the touching, I would grant a new trial.

According to the majority, the erroneous instruction at issue made no significant difference because of the strength of the Commonwealth's evidence. I strongly disagree. "[T]he error [was] sufficiently significant in the context of the trial to make plausible an inference that the result might have been otherwise but for the error." *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986).