## COMMONWEALTH *vs.* JOHN HALLUMS.

No. 02-P-1181.

Hampden. November 17, 2003. - April 28, 2004.

Present: PERRETTA, SMITH, & CYPHER, JJ.

*Armed Home Invasion. Burglary. Assault and Battery by Means of a Dangerous Weapon.*

Evidence was sufficient at the trial of an indictment for home invasion to satisfy all elements of the statute, where the victim interrupted the possible vandalism of his car and then fled into his home to escape his assailants, who followed him inside and continued the assault. [51-52]

At the trial of an indictment for armed burglary, the evidence was sufficient to establish a breaking, in that the assailants pushed the victim through a closed door into the hallway of the victim's home [52-53], and to establish that the victim was within his home at the time the defendant entered [53].

This court concluded that a criminal defendant's intention to commit an assault and battery by means of a dangerous weapon at the time he entered the victim's dwelling sufficed for the intent element of armed burglary pursuant to G. L. c. 266, § 14. [53-54]

INDICTMENTS found and returned in the Superior Court Department on October 31, 2000.

The cases were tried before *Daniel A. Ford,* J.

*Joseph J. Mazza* for the defendant.

*Brett J. Vottero,* Assistant District Attorney, for the Commonwealth.

SMITH, J. After a jury trial in the Hampden County Superior Court, the defendant was convicted of home invasion, armed burglary, assault and battery by means of a dangerous weapon, and assault and battery. On appeal, the defendant argues that the evidence was insufficient to prove the charge of either home invasion or armed burglary. The facts viewed in the light most favorable to the Commonwealth show that the following occurred.

On September 19, 2000, the victim, a Springfield police of-

ficer, lived on the first floor of a two-family home. At approximately 11:15 P.M., the victim, then off-duty, looked outside and saw three men standing around his car, which was parked in front of his house. One of the men looked as though he was about to smash a brick through the front window of the vehicle.

The victim opened his porch door, stepped out of his home to the street, identified himself as a police officer, and asked the men what they were doing. He did not receive an adequate answer, and the three men began to surround him. One man held a beer bottle, and the defendant held a brick. The victim began to back up toward his house, as he tried to dial 911 on the cordless telephone he was holding. The defendant knocked the telephone out of his hand and punched him in the face. The other two men joined in the attack.

The victim retreated to his porch door, reached back, and opened that door as the men continued to hit him. The victim entered the porch followed by his assailants. The assault continued on the porch, and the victim was hit by a brick, a bottle, and fists. The three men pushed the victim back against the door that led to the interior of his home. That door was closed, but not locked. His assailants pushed the victim through that door into a hallway. The defendant also came inside the door, accompanied by one of the other men. As the victim was being forced through the door and inside the hallway of his home, he was struck by punches, a brick, and a bottle. The victim managed to push the men out of the door, lock it, and then call the police. The defendant was arrested later that day.

1. *The home invasion conviction.* "To obtain a conviction of the crime [of home invasion], the Commonwealth must show that the defendant (1) 'knowingly enter[ed] the dwelling place of another'; (2) 'knowing or having reason to know that one or more persons are present within' (or entered without such knowledge but then remained in the dwelling place after acquiring or having reason to acquire such knowledge); (3) 'while armed with a dangerous weapon'; and (4) 'use[d] force or threaten[ed] the imminent use of force upon any person within such dwelling place whether or not injury occur[red], or intentionally cause[d] any injury to any person within such dwelling place.' " *Commonwealth* v. *Doucette*, 430 Mass. 461,

465-466 (1999), quoting from G. L. c. 265, § 18C. *Commonwealth* v. *Stokes*, 440 Mass. 741, 746-747 (2004).

On appeal, the defendant claims that the second and fourth elements of the home invasion statute were not satisfied by the evidence. According to the defendant's brief, "the home invasion statute does not pertain to a fight that begins on the street and proceeds without cessation across one combatant's threshold." Thus, the defendant claims that, because the victim left his home to engage in a fight and then retreated back into his home, followed by the others engaged in the fight, the victim does not qualify, pursuant to G. L. c. 265, § 18C, as a person within his dwelling. We disagree with the defendant's interpretation of the evidence as to what occurred outside the victim's home.

The evidence in the light most favorable to the Commonwealth demonstrates that the victim was not a "combatant" engaged in a "fight," but rather a homeowner subject to an attack by three men armed with dangerous weapons when he interrupted their possible vandalism of his car. Here, the victim fled into his home to escape his assailants, only to be followed inside where the assault was continued.

We hold that, in the circumstances present in this matter, all of the elements of the home invasion statute were satisfied by the Commonwealth's evidence.

2. *Armed burglary.* Pursuant to G. L. c. 266, § 14, "Whoever breaks and enters a dwelling house in the night time, with intent to commit a felony, or whoever, after having entered with such intent, breaks such dwelling house in the night time, any person being then lawfully therein, and the offender being armed with a dangerous weapon at the time of such breaking or entering" commits the offense of armed burglary.

It was the Commonwealth's theory at trial that the illegal entry occurred when the defendant went onto the porch of the victim's home. The "breaking" requirement occurred, according to the Commonwealth, when the defendant pushed the victim from the porch through the door and into the hallway of the home.

On appeal, the defendant claims that the evidence was insufficient to establish that (1) he "broke" into the victim's home;

(2) that a person was lawfully inside the home at the time of the break; and (3) that the intended felony was separate and distinct from the assault and battery with a dangerous weapon.

a. *Breaking.* The element of "breaking" has been defined as exerting some physical force, thereby forcibly removing an obstruction, and gaining entry. *Commonwealth* v. *Hall,* 48 Mass. App. Ct. 727, 730 (2000). Here, the door into the hallway was closed when the defendant and the other assailants pushed the victim through the door into the hallway. There was sufficient evidence to establish a breaking into the victim's home.

b. *Person lawfully within the home.* The defendant argues that the statutory language that "any person being *then* lawfully therein" (emphasis added) requires that a person be in the home at the time of the breaking and entering. Therefore, according to the defendant, the victim in this matter cannot be both the means to gain entry and also be inside the home at the same time.

In the unusual circumstances of this case, the evidence showed that the victim was pushed through the door and, while he was in the hallway, the defendant and the others then entered the home. Thus, there was sufficient evidence to establish that the victim was within his home at the time the defendant entered.

c. *Independent armed burglary.* The defendant claims that, because the crime of assault and battery by means of a dangerous weapon took place as a single continuous assault from the street, onto the porch, and then into the victim's dwelling, the armed assault cannot be the intended felony required by the statute. The defendant cites two decisions that interpret the felonious intent provision of armed assault in a dwelling pursuant to G. L. c. 265, § 18A. They are *Commonwealth* v. *Donoghue,* 23 Mass. App. Ct. 103, 111-112 (1986), and *Commonwealth* v. *Smith,* 42 Mass. App. Ct. 906, 907 (1997), which hold that the crime of armed assault in a dwelling requires that the assault be accompanied by an intent to commit a felony factually distinct from the assault.

The defendant's argument fails because the defendant in this matter had been indicted and convicted of armed burglary and not armed assault in a dwelling. The statute at issue here (G. L.

c. 266, § 14) requires that the intent to commit a felony exist at the time of the entry into the home. Here, the evidence established that, after the victim was pushed into the hallway, the defendant entered the dwelling and hit the victim with a brick, a bottle, and fists. Thus, the defendant's intent at the time he entered the hallway was to commit an assault and battery by means of a dangerous weapon on the victim. In these circumstances, that is all that is needed as to intent.

Therefore, we hold that the evidence was sufficient to establish each element of armed burglary.

*Judgments affirmed.*