NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-393

COMMONWEALTH

vs.

ALEXANDR IVANENKO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Alexandr Ivanenko, was convicted of assault and battery on an elderly person causing bodily injury (assault and battery on an elder), and assault and battery.[1]  On appeal he contends that the judge's instructions on intent and accident created a substantial risk of a miscarriage of justice, the judge's failure to poll the jurors with respect to alleged exposure to "extraneous information" created a substantial risk of a miscarriage of justice, and the conviction of assault and battery should be vacated as duplicative of the conviction of assault and battery on an elder.  We vacate the judgment of

_____

[1] The defendant was charged with assault and battery by means of a dangerous weapon, but the jury found him guilty of the lesser included offense of simple assault and battery.

conviction of assault and battery because it is duplicative of the assault and battery on an elder conviction, but otherwise affirm.

Background.  On the morning of June 13, 2022, a sixty-seven year old woman (the victim) walked into the Massachusetts Bay Transportation Authority (MBTA) Alewife Station.  As she entered the station, a man, later identified as the defendant, walked toward her moving "very fast."  The victim had her head down and was about to pass through one of the doors when the defendant reached out and struck her near her neck, causing her to fall. The victim landed on her right side and sustained injuries to her head and elbow, as well as a broken ankle.  While the victim was on the ground, the defendant walked past her and exited the station.  Officer Christopher Mansur of the MBTA transit police investigated the incident and obtained surveillance video recordings that show the incident.  "Video clips" from the surveillance video recordings were admitted as exhibits at trial and played for the jury.

The defendant was tried on a three-count complaint charging assault and battery on an elder, assault and battery by means of a dangerous weapon (ABDW), and strangulation or suffocation.  At the close of the Commonwealth's case, the judge allowed the defendant's motion for a required finding of not guilty of the strangulation count.  During the jury charge, the judge provided

a supplemental instruction on accident for both the assault and battery on an elder and ABDW counts. The judge also provided an instruction on assault and battery as a lesser included offense of ABDW.

While deliberating, the jury asked three separate times to view the surveillance video footage. The first two times, the jury returned to the courtroom and viewed the video footage. The third time, the jury also asked to "possibly enlarge[e]" the "lower left-hand corner" of one of the video clips. The judge denied the request and instructed the jury not to expand the video footage. The judge then allowed the jury to watch the video footage in the deliberation room, without objection from the defendant.

The jury subsequently returned a guilty verdict on the assault and battery on an elder count and of the lesser included offense of simple assault and battery on the ABDW count. Judgments of conviction entered, and the defendant now appeals therefrom.

Discussion. 1. Jury instructions. The defendant argues that the judge's accident instruction, read in conjunction with the instruction on assault and battery on an elder, "suggested that to acquit [the defendant], the jury would have to find that his contact with [the victim] was the accidental result of an accidental intermediate act." The claim is unpersuasive.

3

Where, as here, the defendant did not object to the jury instructions at trial, "we review his claim to determine first whether there was error, and if so, we then inquire whether the error created a substantial risk of a miscarriage of justice." Commonwealth v. Marinho, 464 Mass. 115, 122 (2013). "Trial judges have considerable discretion in framing jury instructions" (quotation and citation omitted). Commonwealth v. Kelly, 470 Mass. 682, 688 (2015). On review, an appellate court "evaluate[s] jury instructions as a whole and interpret[s] them as would a reasonable juror"; the court "do[es] not require that judges use particular words, but only that they convey the relevant legal concepts properly." Id. at 697.

We discern no error in the judge's instructions. First, the instructions followed Instructions 6.280 and 9.100 of the Criminal Model Jury Instructions for Use in the District Court (2022), for assault and battery on an elder and accident. Moreover, the instructions on the elements of the charges conveyed that to convict the defendant, "the jury must find beyond a reasonable doubt that the defendant touched the victim without the victim's consent and without justification and that he did so intentionally." Commonwealth v. Garofalo, 46 Mass. App. Ct. 191, 193 (1999). The supplemental instruction on accident, which the defendant requested, informed the jury that an accident is "an unintentional event occurring through

4

inadvertence, mistake, or negligence."  Commonwealth v. Moore,
92 Mass. App. Ct. 40, 48 (2017), quoting Commonwealth v.
Figueroa, 56 Mass. App. Ct. 641, 650 (2002).  The judge's
instructions told the jury that they must find that the
defendant intended to touch the victim, and that the intended
touching was not the result of mistake or inadvertence.
Accordingly, there was no error.  See Commonwealth v. Chapman,
433 Mass. 481, 490 (2001) (jury instructions "must be construed
as a whole" and not as isolated statements [citation omitted]).

Even assuming, arguendo, that some portion of the
instructions was erroneous, it did not create a substantial risk
of a miscarriage of justice.  See Commonwealth v. Mitchell, 67
Mass. App. Ct. 556, 565 (2006), quoting Garofalo, 46 Mass. App.
Ct. at 192 n.3 (in analyzing whether instruction on assault and
battery created substantial risk of miscarriage of justice,
"[t]he critical question . . . is whether, viewing the charge in
its entirety, there was a reasonable likelihood that the jury
could have understood the judge's instructions to allow the
defendant's conviction on proof other than that he had engaged
in an intentional and unjustified touching of the person of the
victim").  Here, the judge's repeated instructions that the
Commonwealth must prove that the defendant intended to touch the
victim and that intent to touch meant that he "consciously" and
"deliberately intended the touching to occur," and that the

5

touching "was not merely accidental or negligent," negated any risk of jury confusion. Viewed in their entirety, the instructions on intent and accident were clear and did not create a substantial risk of a miscarriage of justice. Furthermore, the evidence that the defendant acted with intent to strike the victim was overwhelming in view of the victim and eyewitness testimony combined with the corroborating surveillance video footage. There was no "factual scenario from which [the jury] likely would have concluded that the defendant's contact with the victim was the accidental result of an intentional and lawful intermediate act." Mitchell, supra.

2. Jury's potential exposure to extraneous matter. The defendant also contends that the judge abused his discretion by failing to ask the jurors whether they had followed his instruction not to enlarge the surveillance video footage after they returned from deliberations. The defendant claims that because the judge did not make this inquiry, an extraneous matter was therefore introduced into jury deliberations. We disagree.

We review a judge's determination regarding the existence of extraneous influence for abuse of discretion. See Commonwealth v. Watt, 484 Mass. 742, 758 (2020); Commonwealth v. Bright, 463 Mass. 421, 443 (2012). A defendant is "entitled to a decision on the evidence at trial" and, therefore, a jury's

6

verdict may not be based on extraneous information. Commonwealth v. Fidler, 377 Mass. 192, 197 (1979). The defendant must demonstrate "by a preponderance of the evidence" that the jury were exposed to an extraneous matter. Commonwealth v. Kincaid, 444 Mass. 381, 386 (2005). "An extraneous matter is one that involves information not part of the evidence at trial 'and raises a serious question of possible prejudice.'" Commonwealth v. Guisti, 434 Mass. 245, 251 (2001), quoting Commonwealth v. Kater, 432 Mass. 404, 414 (2000).

There is no indication in the record that the jury were exposed to extraneous information. Even if we were to grant the defendant the very generous assumption that enlarging a video clip that had been admitted in evidence somehow amounts to extraneous information, "the fundamental difficulty with the defendant's contention is that it requires this court to conclude that the jury did not follow the judge's very specific instruction to disregard [the evidence]. Such a conclusion would be at odds with both our case law and our basic assumptions about how jurors perform their function. Jurors are presumed to follow the law as instructed." Commonwealth v. Silva, 93 Mass. App. Ct. 609, 615 (2018). Therefore, we discern no abuse of discretion.

3. Duplicative convictions. The defendant argues that the conviction of assault and battery is duplicative of the

7

conviction of assault and battery on an elder.  The Commonwealth concedes that the convictions are duplicative and that the conviction of the lesser offense of assault and battery must be vacated.  Having conducted our own review of the record, see Commonwealth v. Clark, 23 Mass. App. Ct. 375, 379 (1987), we agree.

Conclusion.  The judgment of conviction of assault and battery is vacated, the finding is set aside, and that count of the complaint is to be dismissed.  On the remaining conviction of assault and battery on an elder, the judgment is affirmed.

So ordered.

By the Court (Milkey,
  Massing & Neyman, JJ.[2]),

Assistant Clerk

Entered:  March 26, 2024.

---

[2] The panelists are listed in order of seniority.