## Commonwealth *vs.* George Correia.

No. 99-P-242.

Suffolk. March 9, 2000. - November 9, 2000.

Present: Kass, Gillerman, & Jacobs, JJ.

*Assault and Battery on Certain Public Officers and Employees. Practice, Criminal,* Instructions to jury.

At the trial of a complaint for assault and battery on a public employee in violation of G. L. c. 265, § 13D, the judge's instructions to the jury, permitting them to choose between the intentional and reckless forms of assault and battery in rendering their verdict, were proper. [456-458]

Evidence presented at a criminal trial amply supported the conclusions that the defendant committed a reckless assault and battery on a public employee engaged in the performance of his duties, and that the defendant knew of the victim's status as a public employee. [458-459]

At a criminal trial, the judge did not err in excluding certain evidence [459], or in declining to give an instruction requested by the defendant [459-460].

Complaint filed in the Boston Municipal Court Department on November 15, 1995.

The case was heard by *Herbert H. Hershfang,* J.

*Nadell Hill* for the defendant.

*Christopher Pohl,* Assistant District Attorney, for the Commonwealth.

Jacobs, J. Following his return to the Nashua Street Jail from a visit to a physician, the defendant was taken to a cell in a more restricted area of the jail than the cell he previously had occupied. He demanded to see a "white shirt," that is, a superior officer, and his anger rapidly escalated when he was asked to go into the cell to await the arrival of that officer. A fracas resulted, involving three officers who attempted to restrain him. One of the officers was injured. The defendant was tried and convicted by a Boston Municipal Court jury on a charge of assault and battery on a

public employee, a violation of G. L. c. 265, § 13D.[1] In this appeal, the defendant claims the judge erred in his instructions, in an evidentiary ruling, and in denying his motion for a required finding of not guilty. We affirm.

1. *Claimed error in jury instructions.* In his instructions, the judge first defined both the intentional and recklessness aspects of assault and battery, essentially in conformance with case law and § 5.40 of the Model Jury Instructions for Use in the District Court (rev. 1997). He then described the elements specific to the public employee aspect of G. L. c. 265, § 13D, as set out in the margin.[2] The form given to the jury allowed a verdict of guilty on either ground, and the jury convicted the defendant on the recklessness basis.

While acknowledging that reckless assault and battery is an alternative to the intentional aspect, the defendant argues it was reversible error to instruct the jury on that alternative because the statutory crime requires a specific intent to strike a public employee and reckless behavior does not meet that requirement. "Our common law recognizes two separate aspects to the crime of assault and battery. An assault and battery is 'the intentional and unjustified use of force upon the person of another, however slight' (*Commonwealth* v. *McCan*, 277 Mass. 199, 203 [1931]), or the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another (*Commonwealth* v. *Welansky*, 316 Mass. 383, 400-401 [1944]). See *Commonwealth* v. *Welch*, 16 Mass. App. Ct. 271, 274-275 & n.4 (1983), and cases cited." *Commonwealth* v. *Burno*, 396 Mass. 622, 625 (1986). See *Commonwealth* v. *Macey*, 47 Mass. App. Ct. 42, 43 (1999). We are unaware of any reported Massachusetts decision which expressly has addressed the application of the recklessness

[1] General Laws c. 265, § 13D, as amended by St. 1990, c. 498, states, in pertinent part: "Whoever commits an assault and battery upon any public employee when such person is engaged in the performance of his duties at the time of such assault and battery, shall be punished. . . ."

[2] The judge stated: "This offense contains two elements in addition to those required for assault and battery. And that's [in] addition [to] those required for an intentional assault and battery or a reckless assault and battery. First, that the victim was a public employee who was engaged in the performance of his duty at the time. And second, that the Defendant knew that the alleged victim was such an employee and was engaged in the performance of his duty at the time." The defendant does not claim any error in the content of these instructions.

definition of assault and battery to the statutory crime of assault and battery on a public employee.[3]

Relying on *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 459 (1994), the defendant argues that § 13D "requires the specific intent to strike a public employee," and that the recklessness aspect of assault and battery is therefore inapplicable because it does not involve specific intent. In *Moore*, the Commonwealth did not request, nor did the judge give, an instruction on the alternative recklessness definition of assault and battery. *Id.* at 459.[4] Our decision in that case is limited to the intentional aspect of G. L. c. 265, § 13D, and therefore is not controlling on the alternative definition of "reckless" assault and battery on a public employee.

In the present case the judge properly instructed the jury on both definitions of assault and battery under standard instructions pursuant to G. L. c. 265, § 13A. That statute sets forth the common law crime, see *Commonwealth* v. *Burke*, 390 Mass. 480, 482 (1983), and where the Legislature has not defined the crime, see *Commonwealth* v. *Slaney*, 345 Mass. 135, 138 (1962), we discern no basis for interpreting assault and battery in § 13D in a different manner than under c. 265, § 13A. Compare *Commonwealth* v. *Macey*, *supra* at 43. See also *Commonwealth* v. *Francis*, 24 Mass. App. Ct. 576, 579-580 (1987) (instructions on assault and battery given generally, followed by instructions relating to assault and battery on a correction officer pursuant to G. L. c. 127, § 38B). The judge also correctly instructed the jury on the additional elements, as stated in G. L. c. 265, § 13D, that the offense be committed on a "public employee who was engaged in the performance of his duty at the time" of the assault and battery. Therefore, we conclude that it was not error to

---

[3]Several of our cases have indicated that a jury instruction on this alternative category may be given in appropriate circumstances under statutes containing elements additional to assault and battery. See *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 459 (1994); *Commonwealth* v. *Medina*, 43 Mass. App. Ct. 534, 535 (1997); *Commonwealth* v. *Macey*, 47 Mass. App. Ct. 42, 43-44 (1999). Compare *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997).

[4]Noting that the jury would have had to convict the defendant under the intentional definition, and that the instructions actually given by the judge may have confused the jury on the intent required for a conviction of assault and battery, we found reversible error in *Commonwealth* v. *Moore*, 36 Mass. App. Ct. at 459. We also stated that on retrial an instruction on intoxication should be given, if requested, on the intent elements of larceny of a motor vehicle and assault and battery on a police officer. *Id.* at 461 & n.4.

permit the jury to choose between the intentional and reckless forms of the crime in rendering their verdict.

2. *Sufficiency of the evidence.* The defendant argues that his motion for a required finding of not guilty was wrongly denied. To convict under the recklessness aspect of assault and battery, "the Commonwealth must prove (1) that the defendant's conduct involve[d] a high degree of likelihood that substantial harm will result to another,' *Commonwealth* v. *Welansky, supra* at 399, or that it constitute[d]. . . a disregard of probable harmful consequences to another,' *Commonwealth* v. *Vanderpool,* 367 Mass. 743, 747 (1975), *and* (2) that, as a result of that conduct, the victim suffered some physical injury."[5] (Emphasis in original.) *Commonwealth* v. *Welch,* 16 Mass. App. Ct. 271, 274-275 (1983). We briefly review the evidence of the defendant's conduct in the light most favorable to the Commonwealth. *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979). When the defendant was asked to go inside the cell, he refused. As an officer opened the cell door wider, the defendant became angry and swung at him with a closed fist. He missed, and the officer attempted to restrain him because he was "completely out of control." As the officer wrestled him to the floor, the defendant was kicking his feet and flailing his arms. When two other officers came to assist, he continued to struggle and wrestle. One of the officers who came to assist was kicked in the chest and stomach area, sending him backwards into a metal railing from which he fell onto the floor. That officer sustained injuries requiring treatment at a hospital for a sore back and a slight concussion. The defendant's conduct, as described above, was wanton and reckless.

Proof of an intent to strike the officer was not required under a recklessness analysis. "Although the [reckless] conduct is

---

[5]"The rationale for a requirement of demonstrable physical injury in cases of wilful and wanton conduct is not difficult to discern. In such a case, actual intent to commit the crime is not present, but may, as a legal fiction, be inferred' [footnote omitted] from the nature of the act *and its actual results.*' *Commonwealth* v. *Stratton,* 114 Mass. 303, 305 (1873) (emphasis supplied). The higher standard of actual bodily injury in wanton and reckless conduct cases (as opposed to the mere 'offensive touch' standard in intent cases) could be viewed as an attempt to establish levels of equivalent culpability *within* essentially dissimilar patterns of activity which have been determined to fall within the same statutory offense. Thus, until the unintended touch of a wilful, wanton and reckless actor causes injury, it is not cloaked with the criminal liability which attends the touch of one who intends the offensive contact." *Commonwealth* v. *Welch,* 16 Mass. App. Ct. 271, 275-276 (1983).

intended, the result is not." *Commonwealth* v. *Welch, supra* at 276 n.5. What is required is evidence that the injured victim of the reckless assault and battery was a "public employee . . . engaged in the performance of his duties at the time of such assault and battery." G. L. c. 265, § 13D.[6] Because the fracas giving rise to the charge against the defendant occurred in the jail and all the individuals who were at risk were correction officers, the evidence amply supports the conclusions that the injured officer was a public employee engaged in the performance of his duties, and that the defendant knew his status. Accordingly, the evidence was sufficient to withstand the defendant's motion for a required finding of not guilty.

3. *Exclusion of newspaper article.* The defendant sought to introduce in evidence a newspaper article published on the day of the incident in this case, quoting him as stating he had been beaten by jail guards eight days earlier. He intended to show that the correction officers' treatment of him was in reaction to the article. The judge did not allow the article to be introduced, but permitted cross-examination of the Commonwealth's witnesses with respect to their knowledge of the defendant having complained of and alleged that he had been assaulted by prison guards in that earlier incident. We discern no error.

4. *Denial of instruction on accident.* Stating that the evidence did not support an accident instruction requested by the defendant, the judge instead, pursuant to § 5.40 of the Model Jury Instructions, instructed the jury under the intentional aspect of assault and battery that the Commonwealth was required to prove beyond a reasonable doubt that "the touching was not merely accidental"; and under the reckless aspect that he "must have intended his act which resulted in the touching, in the sense that those acts did not happen accidentally. If you find the Defendant's acts occurred by accident, then you must find the Defendant not guilty." "These instructions 'gave the defendant the benefit in substance of the hypothesis of accident.' *Commonwealth* v. *Hakala,* 22 Mass. App. Ct. 921, 923 (1986)."

---

[6]There is no explicit scienter requirement for these elements in the statute. Assuming, without deciding, the existence of such a requirement, compare *Commonwealth* v. *Francis,* 24 Mass. App. Ct. 576, 577-578 & n.2 (1987); *Commonwealth* v. *Lawson,* 46 Mass. App. Ct. 627, 629-630 (1999), there is ample evidence here supporting the inference of the requisite knowledge on the part of the defendant.

*Commonwealth* v. *Conley*, 43 Mass. App. Ct. 385, 396 (1997), and cases cited. There was no error.

*Judgment affirmed.*