NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1492

COMMONWEALTH

vs.

SONIA GARCIA-RIVERA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Sonia Garcia-Rivera, was convicted of assault and battery on a police officer, G. L. c. 265, § 13D; resisting arrest, G. L. c. 268, § 32B; disturbing the peace, G. L. c. 272, § 53; and disorderly conduct, G. L. c. 272, § 53. On appeal, the defendant challenges the sufficiency of the evidence regarding the convictions of assault and battery on a police officer and disturbing the peace.  Discerning no error, we affirm.

Background.  We recite the facts in the "light most favorable to the Commonwealth."  Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  At around 7:30 P.M. on February 17, 2022, Worcester Police Officer Ibsan Morales initiated a motor

vehicle stop in a residential neighborhood as a result of a call for a domestic disturbance and arrested the nephew of the defendant in this case. The defendant was called to the scene to take possession of her nephew's car. When she arrived, the defendant started walking towards the victim of the domestic assault and began yelling at her. Officer Morales stepped in front of the defendant and directed the victim to leave the scene.

After the victim left the area and the defendant appeared to have calmed down, Officer Morales handed her the car keys. Instead of taking possession of the car and leaving the area, the defendant walked to a police cruiser where Officer Brian Powers was seated, started yelling, and punched the cruiser's driver side window. Officer Powers exited the police cruiser and attempted to arrest the defendant who, in response, began thrashing and punching Officer Powers in the arms. Officer Morales traded places with Officer Powers while the defendant continued to resist arrest. The defendant continued pulling and thrashing, resulting in her and Officer Morales falling into the side of the police cruiser. As a result, Officer Morales sustained an injury to his shoulder, preventing him from working for three months.

At some point during the altercation, Officer Morales radioed for backup, and at least six additional police officers

arrived on the scene within minutes.  Various residents of the neighborhood were watching the events unfold through the windows of their homes, and some had made their way onto the sidewalk to see what was happening.  The defendant, who was now handcuffed, continued to yell obscenities in Spanish at the officers in the street.  After the defendant was secured, Officer Morales, fearing that a crowd would form and become reactive, spoke with residents in an attempt to deescalate the situation.

On appeal the defendant contends that the evidence was insufficient as to the intent element of assault and battery on a police officer and as to the victim element of disturbing the peace.  We address each argument in turn.

Discussion.  1.  Standard of review.  "When reviewing claims of insufficient evidence, we assess the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found each element of the crime beyond a reasonable doubt" (quotation omitted).  Commonwealth v. Baez, 494 Mass. 396, 400 (2024).  "In satisfying that test, the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence" (quotation omitted).  Commonwealth v. Vazquez, 69 Mass. App. Ct. 622, 626 (2007).

2.  Assault and battery on a police officer.  The defendant argues the Commonwealth introduced insufficient evidence for a rational trier of fact to find that she had the necessary intent

to commit an assault and battery on Officer Morales.  Assault
and battery is defined as the "intentional and unjustified use
of force upon the person of another, however slight, or the
intentional commission of a wanton or reckless act (something
more than gross negligence) causing physical or bodily injury to
another."  Commonwealth v. Correia, 50 Mass. App. Ct. 455, 456
(2000) (quotation and citation omitted).[1]  This definition
encompasses two distinct theories under which a defendant can be
convicted -- intentional conduct or reckless conduct.  See id.

We begin our analysis with the recklessness theory.  To
sustain a conviction for assault and battery under a
recklessness theory, "the Commonwealth must prove (1) that the
defendant's conduct . . . constituted . . . a disregard of
probable harmful consequences to another, and (2) that, as a
result of that conduct, the victim suffered some physical
injury" (quotation and citation omitted).  Correia, 50 Mass.
App. Ct. at 458.  The victim's injury "need not have been
permanent, but it must have been more than transient and

---

[1] Under G. L. c. 265, § 13D, the Commonwealth must also
prove the defendant knew the victim was a police officer
"engaged in the performance of his duties at the time."
Commonwealth v. Moore, 36 Mass. App. Ct. 455, 461 (1994).  The
defendant does not dispute that the Commonwealth proved this
element.

4

trifling."[2]  Commonwealth v. Burno, 396 Mass. 622, 627 (1986).

"Proof of an intent to strike the officer [is] not required

under a recklessness analysis."  Correa, supra.

Here, the Commonwealth presented testimony that the

defendant was "turning, twisting . . . thrashing, [and] . . .

wasn't allowing [the officers] to gain control of her arms" in

an attempt to avoid arrest.  Her conduct directly resulted in

Officer Morales's injury.  When viewed in the light most

favorable to the Commonwealth, a reasonable jury could conclude

that such actions demonstrated a disregard of probable harm to

Officer Morales.  See Correia, 50 Mass. App. Ct. at 458-459

(evidence of defendant kicking and flailing sufficient evidence

of reckless assault and battery where it caused serious

injuries).  The defendant acknowledges that she intended to

twist and pull away from Officer Morales but claims that her

actions did not demonstrate a disregard of probable harm.  We

disagree.  Based upon the evidence presented at trial of the

defendant's behavior in twisting, pulling, and thrashing, a

rational trier of fact could have found, beyond a reasonable

doubt, that it established a disregard of the probable harmful

consequences to Officer Morales.  Because a finding of intent

---

[2] The defendant does not dispute that Officer Morales
suffered an injury which caused him to be unable to work for
three months.

may be inferred from the defendant's conduct, see Commonwealth v. Maia, 429 Mass. 585, 587 (1999), the Commonwealth's evidence of the defendant's actions was sufficient for the jury to find the conduct reckless. Accordingly, we need not reach the question of whether the evidence was sufficient for an intentional battery.

3. Disturbing the peace. The defendant also contends the evidence was insufficient for the jury to find there was a "victim," a required element of the crime of disturbing the peace. See G. L. c. 272, § 53. The crime of disturbing the peace requires a finding that the defendant engaged in activities that, "first, most people would find to be unreasonably disruptive,[3] and, second, did in fact infringe someone's right to be undisturbed." Commonwealth v. Orlando, 371 Mass. 732, 735 (1977). More specifically, the "second prong requires that the crime have a victim, and thus subjects potential defendants to criminal prosecution only when their activities have detrimental impact." Id. at 735.

The Commonwealth introduced testimony from two officers that the defendant's disruptive actions caused numerous residents of the neighborhood to watch the events unfold through

---

[3] The defendant does not challenge the sufficiency of the evidence for this element.

6

their home windows, with some coming out onto the sidewalk.  In Commonwealth v. Federico, 70 Mass. App. Ct. 711 (2007), we affirmed a conviction of disturbing the peace when "neighbors were peering out their windows and watching from the sidewalk." Id. at 714.  The defendant argues these residents were merely satisfying their curiosity and that observing a disturbance between a citizen and a police officer cannot amount to sufficient evidence that the observer's peace was disturbed. This argument fails to take into consideration the applicable standard of review.  The defendant was free to characterize the residents' behavior as such at trial, and the jury was free to agree or disagree.  On appeal, however, we must view the evidence in the light most favorable to the Commonwealth.  See Baez, 494 Mass. at 400.  Drawing inferences in favor of the Commonwealth, a reasonable jury could have found, beyond a reasonable doubt, that the residents looking out their windows and coming out of their homes onto the sidewalk were "victims"

as the defendant's behavior infringed upon their right to be undisturbed.  Accordingly, the evidence sufficed.

<u>Judgments affirmed</u>.

By the Court (Blake, Walsh & Hodgens, JJ.[4]),

Clerk

Entered:  November 15, 2024.

---

[4] The panelists are listed in order of seniority.